O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH ANN ETTER, | Case No. EDCV 13-1540-OP |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 10, 11.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 8 at 3.)

1

# I.
# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

(1) Whether the Administrative Law Judge ("ALJ") properly assessed Plaintiff's mental impairment; and

(2) Whether the ALJ properly determined that Plaintiff can perform her past relevant work.

(JS at 5.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

/ / /
/ / /
/ / /

## III.

## **DISCUSSION**

**A.    The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of history of "kidney cancer, treated without recurrence; chronic kidney disease, stage II, stable; history of bariatric surgery; hypothyroidism; depressed disorder; histrionic traits and fibromyalgia; migraine headaches; and carpal tunnel syndrome bilaterally." (Administrative Record ("AR") at 16-17.)

The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform a range of light work with the following limitations: lift and/or carry twenty pounds occasionally and ten pounds frequently; stand and/or walk for six hours out of an eight-hour workday with regular breaks; sit for six hours out of an eight-hour workday with regular breaks; sustain concentration, attention, persistence, and pace in at least two hour blocks of time; frequently kneel, crawl, crouch, and finger; occasionally stoop, climb stairs, and grasp; no climbing ladders, ropes, or scaffolds; no work at unprotected heights or around dangerous machinery; no concentrated exposure to pulmonary irritants such as dust, fumes, gases, and odors; and no work with fast-paced production requirements or assembly line work, such as that involving a conveyor belt. (Id. at 18.)

Relying on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff was capable of performing her past relevant work as a paralegal. (AR at 24-25.)

**B.    The ALJ's Assessment of Plaintiff's Mental Health Impairment.**

Plaintiff contends that the ALJ's assessment of her mental health impairment is not supported by substantial evidence or consistent with the other evidence of record. (JS at 6-8.)

A claimant's RFC is what she can still do despite her physical, mental,

nonexertional, and other limitations. Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001); see also Valentine v. Comm'r, Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009) (RFC is "a summary of what the claimant is capable of doing (for example, how much weight he can lift)."). "At Step Four, claimants have the burden of showing that they can no longer perform their past relevant work." Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001); Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." Pinto, 249 F.3d at 845. Furthermore, though the ALJ's decision must be affirmed if it is supported by substantial evidence, meaning more than a mere scintilla but less than a preponderance, it may not be affirmed where the ALJ fails to set forth a "meaningful explanation," allowing the Court to assess the validity of the ALJ's reasons for reaching the decision. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882, 884-85 (9th Cir. 2006).

     Here, in determining Plaintiff's mental RFC, the ALJ took "into consideration the opinions of the State agency review physicians, the opinions of the psychiatric consultative examiner, the claimant's testimony, her behavior at the hearing, her past medical history, and the psychiatric findings of record," and that "the findings adopted herein strike a balance between all of the above." (AR at 23.) However, the ALJ then proceeded to give "little weight" to both the opinions of psychiatric consultative examiner Katrine Enrile, M.D., and the Agency mental review consultants, the only mental health treatment evidence considered by the ALJ.[3] (Id. at 23.) The ALJ explained that she did this because she had given "the

---

    [3] Although the ALJ claimed to have considered Plaintiff's past medical history and the psychiatric findings of record, the ALJ also stated that the medical evidence dated before the alleged onset date was "not relevant for purposes of this decision." (AR at 21.) Because the ALJ did not explicitly consider any mental
(continued...)

benefit of the doubt" and "deferred" to Plaintiff's subjective complaints in assessing her impairments. (Id.) Yet, earlier in the ALJ's opinion, she rejected Plaintiff's subjective complaints to the extent they were inconsistent with the RFC assessed by the ALJ. (Id. at 20-21.) As a result, it appears that the ALJ rejected or gave "little weight" to all the mental health evidence of record and then devised an RFC from unknown evidence. Because it is not clear what evidence was relied on to determine Plaintiff's mental RFC, the ALJ's opinion is not substantially supported in this respect.

Notably, the ALJ highlighted that Plaintiff did not receive treatment from a mental health specialist during the relevant time period. (Id. at 19, 22.) However, Plaintiff made clear that she did not have mental health insurance coverage and could not afford psychological care. (Id. at 51, 55, 414.) Plaintiff's lack of mental health treatment should not be held against her under such circumstances. Gamble v. Chater, 68 F.3d 319, 321 (9th Cir. 1995) ("Disability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds."); Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996) ("it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.") (citations omitted) (internal quotation marks omitted).

Because the ALJ's assessment of Plaintiff's mental health impairment, and the corresponding mental RFC assessment, is not supported by substantial

---

[3](...continued)
health records from before the alleged onset date, such as those from Licensed Clinical Social Worker Linda Hardin, the Court assumes the ALJ did not consider these records in making her RFC assessment.


evidence, this action must be remanded for further consideration of the evidence.[4]

**C.     The ALJ's Consideration of Plaintiff's Past Relevant Work.**

Plaintiff also contends the ALJ erred in concluding, based on the mental RFC assessment discussed above, that she could perform her past relevant work as a paralegal. (JS at 15-16.)

Because the Court has concluded that this action must be remanded for further consideration of Plaintiff's mental health impairment and the related mental RFC assessment, the ALJ should conduct a new Step Four and/or Step Five analysis on remand following the review of the mental health evidence.

## IV.

## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED THAT Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

Dated: June 26, 2014

HONORABLE OSWALD PARADA
United States Magistrate Judge

---

[4] Plaintiff further contends that the ALJ's assessment was insufficient because she improperly rejected Plaintiff's credibility. Because this action must be remanded as discussed above, the ALJ should further consider Plaintiff's credibility. The Court expresses no view on Plaintiff's credibility. However, it notes that the ALJ's conclusion that Plaintiff "exaggerate[d] the circumstances surrounding [her January 2012] hospitalization for secondary gain" is not entirely accurate. While it is true that Plaintiff was ultimately treated for a pain medication overdose related to an infected tooth, she was initially detained on a "5150" hold, just as Plaintiff alleged. (AR at 705, 751, 755, 769, 775.)